Btjrket, J.
It is well settled at common law, that municipalities are liable, the same as individuals, to pay, as upon an implied promise, for labor done, or materials supplied, and received, accepted and used by such municipality. The cases cited by counsel for defendant in error, as well as those cited by counsel in *227 Buchanan Bridge Co. v. Campbell, 60 Ohio St., 406, and City of Lancaster v. Miller, 58 Ohio St., 558, fully establish this proposition.
But this case must be determined according to the provisions of our statutes, and in so far as they conflict with the common law, the statutes must prevail.
Section 1693, Revised Statutes, provides: “ * * * and no contract, agreement or obligation shall be entered into except by an ordinance or resolution of the council, nor any appropriation of money for any purpose be made except by an ordinance; every ordinance appropriating money shall contain an explicit statement of the uses and purposes for which the appropriation is made; the power or authority to make a contract, agreement or obligation to bind the corporation, or to make an appropriation, shall not be delegated; and every contract, agreement, or obligation, and every appropriation of money made contrary to the provisions of this section shall be void as against the corporation, but binding on the person or persons making it, *■ * There is an exception as to certain boards, etc., but the exception is not applicable to this case.
It will be noticed that under this section a municipality cannot enter into a contract, agreement, or obligation, except by ordinance or resolution of its council; that no appropriation of money for any purpose can be made, except by ordinance; that the power to make a contract, agreement, obligation, or appropriation, cannot be delegated;and that every contract, agreement, obligation, or appropriation, made contrary to the provisions of this section, are void as against the corporation, but binding on the other party.
*228 It is too clear for argument, that this section fully covers and provides the manner, and the only manner, in which a municipality may enter into a contract, agreement, or obligation, and that, that manner is by ordinance or resolution of its council. Any other manner of entering into a contract, agreement, or obligation, would be “contrary to the provisions of this section,” and void as against the municipality. There can, therefore, be no implied contract, agreement, or obligation, against a municipality, and no implied liability, but all liability, ex contractu, must be express, and be entered into by ordinance or resolution of the council.
There has been no common law implied municipal liability in this state since the passage of the act of April 8, 1876, amending section 97 of the Municipal Code, 73 O. L., 125, and carried into the Revised Statutes as section 1693, because that section conflicts with the common law as to such liability, and whenever a statute is in conflict with a rule of the common law, or of equity, the statute must prevail.
Before the passage of that act, 'there were holdings by this court which seemed to recognize implied municipal liability, notably Cincinnati v. Cameron, 33 Ohio St., 336; and since that time there have been some expressions in opinions which seemed to recognize the same implied liability, but in none of those later cases were the provisions of the statute invoked by counsel, or considered by the court; and in the late cases of McCloud v. Columbus, 54 Ohio St., 439; City of Lancaster v. Miller, 58 Ohio St., 558; Buchanan Bridge Co. v. Campbell, 60 Ohio St., 406; and Comstock v. Nelsonville, 61 Ohio St., 288, full force has been given to the restrictive statutes of. the *229 state, and implied liability denied, and tbe doctrine established that public officers can incur obligations against those for whom they act, only in pursuance of the provisions of the statutes, and that they cannot deal upon the quantum meruit, or reasonable value plan. With these holdings we are content.
A strict adherence to the provisions of the restrictive statutes of the state will be for the general good; and it devolves upon those who deal with public officers, to see for themselves that the statutes have been complied with.
It is urged that the case of Cincinnati Gas Light and Coke Company v. Avondale, 43 Ohio St., 257, recognizes implied municipal liability. But an examination of that case shows that the contract sued upon, and held void by this court, was made in 1871, before the passage of the act of April 8,1876; that the gas used was under a valid ordinance of February 13, 1879; that the village admitted its liability for the gas used under that ordinance, and offered to pay for the same, and did not invoke the restrictive statute of April 8, 1876, and that there was no question of implied municipal liability presented, considered or decided in the case.
There being no implied municipal liability in cases ex contractu, under our restrictive statutes, it follows that to state a good cause of action against a municipality in such cases, the petition must declare upon a contract, agreement, obligation, or appropriation made and entered into according to statute. A petition on an account merely, or quantum, meruit, in such cases, is not sufficient.
It follows that the court of common pleas was right in sustaining the demurrer to the petition and render *230 ing judgment against the plaintiff below, and that the circuit court erred in reversing that judgment.
As this disposes of the case upon its merits, the other questions are not deemed worthy of report.

Judgment of the circuit court reversed, and common pleas affirmed.

Minshall, C. J., Williams, Davis and Shauck, JJ., concur.